# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 3:24-cr-088** |
| **Plaintiff,** | : | |
| | : | **Judge Michael J. Newman** |
| **v.** | : | |
| | : | |
| **EDDIE LEE MURPHY and** | : | **PROTECTIVE ORDER** |
| | : | |
| **CHRISTIAN JONES,** | : | |
| | : | |
| **Defendants.** | : | |

WHEREAS, pursuant to Fed. R. Crim. P. 16, the government will produce to the defendants discovery relating to the above-captioned matter, some of which includes information falling into one or more of the following categories (collectively, "Protected Information"):

    a. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members' names, or criminal histories ("Personal Identifying Information"); and

    b. All materials, including but not limited to documents, electronic data, and audio-visual materials, that contain information relating to the identity, or that could be used to ascertain the identity, of any non-law enforcement witnesses ("witnesses" or "Witness Information");

WHEREAS, the government represents that the unrestricted dissemination of Protected Information could adversely affect the privacy interests and safety of the defendants and/or third

parties; and the Court finds, that for that reason, the government has a compelling interest in preventing Protected Materials from being disclosed to anyone not a party to the court proceedings in this matter;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS HEREBY ORDERED that:

1.    Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the Discovery Materials into two categories: (1) General Discovery Materials; and (2) Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the government.

2.    General Discovery Materials are defined as documents and other materials that are not otherwise designated as falling into the category of Sensitive Discovery Materials.

3.    Sensitive Discovery Materials are defined as those including any Personal Identifying Information and/or Witness Information.

4.    The government shall mark the documents and items provided as Discovery Materials identifying the category into which the material falls, or, if marking is not practicable due to the format of the discovery, shall otherwise clearly inform defense counsel in writing of the designation.

5.    The "Defense Team" is defined as (i) the defendant; (ii) counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) and (iii) experts, translators, interpreters, consultants and investigators retained to assist in the preparation of the defense.

2

6.      Except as provided in this Order, General Discovery Materials can be shared with all members of the Defense Team and may be left in the possession of the Defendant. General Discovery Materials shall not be further disseminated[1] by the Defense Team to any individuals, organizations, or other entities outside the Defense Team, except as provided below:

      a.   Members of the Defense Team, but not the defendant, may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case.

7.      Sensitive Discovery Materials shall not be disseminated by anyone other than defense counsel of record, and said dissemination shall be subject to the following restrictions:

      a.   Defense counsel of record shall not disseminate Sensitive Discovery Materials to any individuals, organizations, or other entities, other than to members of the Defense Team.

      b.   Sensitive Discovery Materials may be shown to the defendant, but such materials may not be left in the possession or custody of the defendant. In addition, the defendant is prohibited from maintaining in his possession any notes, summaries, or other materials derived from Sensitive Discovery Materials, regardless of who prepared the notes.

8.      If the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government

---

[1] "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

shall be given an opportunity to respond to the motion. No further dissemination of the item(s) shall be made until after the Court rules on the motion.

9.      Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and shall be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any person unless that person first signs the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal.

10.      Defense counsel of record shall file **under seal**, and serve on the Government, a motion for permission to disseminate any Discovery Materials in the Sensitive Discovery Materials category to any individual not expressly authorized to receive such materials by this Protective Order. The defense may submit with the motion an *ex parte* statement of the reasons purportedly justifying such disclosure. The government shall be given an opportunity to respond to the motion, and no further dissemination of the item(s) shall be made until after the Court rules on it. Before receiving any Discovery Materials, each of the individuals to whom the Court authorizes disclosure to be made shall sign the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal.

11.      Defense counsel of record shall not attach any Discovery Materials in the Sensitive Discovery Materials category to any public filings, or describe their contents in public filings, without prior notice to and consent from the Government.  If defense counsel and the Government cannot agree on the manner in which the Discovery Materials in the Sensitive Discovery Materials

category or their contents may be publicly disclosed, the parties shall seek resolution of such agreements by the Court.

12. The substitution, departure, or removal for any reason from this case of counsel for the defendant, an expert witness, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order. Additionally, any Discovery Materials, including copies and notes, within the possession of a former member of the Defense Team shall be immediately returned to defense counsel of record.

13. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

14. The Discovery Materials in this case are now and will forever remain the property of the United States Government. Upon written request of the Government, all Discovery Materials not previously destroyed shall be returned to the Government or shall be returned or disposed of as otherwise instructed by the Government. Absent any such request, all Discovery Materials shall be destroyed promptly at the conclusion of the case.

15. All Discovery Materials are to be provided to counsel of record for the defendant, and used by the defendant and the Defense Team, solely for the purpose of allowing the defendant to prepare his defense. The defendant and Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

5

16.     The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. The defendant and the Defense Team may rely on the government's designated or re-designated category identifications of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong. However, defense counsel of record shall, in good faith, inform the government of any Discovery Materials that the government has entirely failed to mark, and the Defense Team shall refrain from dissemination of said discovery until the government has identified the item's category and marked the item as such.

17.     Nothing in this Order shall preclude the government or the defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

Date: July 1, 2025                    _s/*Michael J. Newman*_____
                                      HON. MICHAEL J. NEWMAN
                                      UNITED STATES DISTRICT JUDGE

6

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned *United States v. Eddie Murphy et al.*, Criminal No. 3:24-CR-88, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED:_____        BY: _____
                                            (type or print name)


                                 SIGNED: _____

Appendix A

## **<u>ACKNOWLEDGMENT</u>**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned *United States v. Eddie Murphy et al.*, Criminal No. 3:24-CR-88, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED:_____     BY: _____
                                                    (type or print name)


                                         SIGNED: _____